Jennifer LINDER (Johnson) *v.*
Honorable Tomothy W. WEAVER

05-1080                                                    216 S.W.3d 130

Supreme Court of Arkansas
Opinion delivered October 27, 2005

Dissent only.

Tom GLAZE, Justice, dissenting. This court is incredibly wrong, and its decision totally ignores the concept known as due process. Any graduating law-student knows that a court cannot find a party in criminal contempt and then incarcerate that person for one year. That law student has also learned that a contemnor is entitled to a jury trial before a one-year sentence can be imposed. Ms. Jennifer Linder, now Johnson, indisputably was given a one-year sentence by the court, not a jury. *See Anderson v. State*, 353 Ark 384, 108 S.W.3d 592 (2003) (failure to provide a criminal defendant with a jury trial is an error so serious that the circuit court has an obligation to intervene, and this court may consider the issue on appeal without an objection below); *see id.* at 412 (Glaze, J., concurring) (violation of right to jury trial can constitute "fundamental" or "structural" error).

Jennifer also is denied due process by this court's refusing to follow precedent. In *Johnson v. Johnson*, 343 Ark 186, 33 S.W.3d 492 (2000), our court stated the following:

> [C]ertiorari is available in the exercise of our superintending control over a tribunal, when that tribunal is proceeding illegally and *where no other mode of review is provided. Bates v. McNeil*, 318 Ark. 764, 888 S.W.2d 642 (1994).
>
> In the *Bates* case, our court held that the remedy of an appeal was useless when contemnors had to remain in jail pending a show-cause hearing. *In that case, we [further] held that certiorari was the proper remedy*. The same is true in the instant case. *The remedy of direct appeal would be useless to the contemnors. Without this court's temporary stay, they might still be incarcerated.*

*Johnson*, 343 Ark. at 195-96 (emphasis added).

This court more recently announced the following rule:

> Certiorari proceedings are governed by the normal appellate rules *unless the normal appellate review process would be useless, such as when the contemnor has to remain in jail during the course of the appeal.*

*Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002).

In summary, this court shuns its prior case law by denying petitioner Jennifer Linder's right to a temporary stay, which would allow her to pursue her right to address and question the trial court's rulings against her by certiorari. Court members are concerned about the possibility that Jennifer might take the parties' children and abscond from the state. In fact, the trial court (or this court) has the wide discretion and authority to deny Jennifer any visitation or contact with the two children until this criminal contempt proceeding is resolved. Apparently, this court has no confidence in the trial court or law enforcement to enforce the court's orders, not to mention the father's ongoing tenacity and vigilance to keep the children from Jennifer.

For the above reasons, I vigorously dissent. I would expedite this case and grant the petitioner's motion for a temporary stay. The trial court's order to eliminate any visitations or contact with the children should be continued until the contempt matter is resolved. As of today, Jennifer has been incarcerated thirty-three days. The majority action giving the parties seven days to file briefs only assures this matter will languish at least another two weeks before we can decide this case.

Whether the petitioner is as "bad" a mother as she is portrayed by her former husband and others, she is still entitled to due process in this criminal proceeding. Our prior case law says so, and we should follow that precedent. When dealing with contempt appeals, I know of no case (at least until now) in which we have failed to enter a temporary stay releasing the contemnor from jail until the contempt matter had been decided by this court. It is my view of the law and facts in this case, convicted felons get far more due process than Jennifer has received from our courts.